SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
EDWARD H. SIKORSKI (Bar No. 208576)
ed.sikorski@dlapiper.com
JOHN D. KINTON (Bar No. 203250)
john.kinton@dlapiper.com
BRIAN M. FOGARTY (Bar No. 218792)
brian.fogarty@dlapiper.com
JACOB D. ANDERSON (Bar No. 265768)
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  619.699.2700
Fax:  619.699.2701

CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for PLAINTIFF TIERRAVISION, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIERRAVISION, INC., | |
| Plaintiff, | Case No.  **'11 CV0639 DMS POR** |
| v. | **PLAINTIFF TIERRAVISION, INC.'S COMPLAINT FOR PATENT INFRINGEMENT** |
| RESEARCH IN MOTION LTD.; RESEARCH IN MOTION CORPORATION; GOOGLE INC.; MICROSOFT CORPORATION, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

1    Plaintiff Tierravision, Inc., ("Tierravision") by and through its undersigned attorneys,

2    complains and alleges against Defendants Research in Motion Ltd., Research in Motion

3    Corporation, Google Inc. and Microsoft Corporation (collectively "Defendants") as follows:

4    **NATURE OF THE ACTION**

5    1.    This is a civil action for infringement of United States Patent No. RE41,983.  This

6    action arises under the laws of the United States relating to patents, including 35 U.S.C. § 281.

7    **JURISDICTION AND VENUE**

8    2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

9    1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

10   3.    Venue properly lies within the Southern District of California pursuant to the

11   provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b).  On information and belief, each

12   Defendant conducts substantial business directly and/or through third parties or agents in this

13   judicial district by at least selling and/or offering to sell and/or importing the infringing products,

14   including hardware (mobile wireless communication devices, including but not limited to cellular

15   telephones and smartphones) and/or software for those systems (including but not limited to

16   mapping software and mapping applications), and/or by conducting other business in this judicial

17   district.  Furthermore, Plaintiff Tierravision is headquartered in San Diego, California and its two

18   founders and shareholders are residents of this judicial district.  Furthermore, Tierravision has its

19   principal place of business in this district, and has been harmed by Defendants' conduct, business

20   transactions and infringing sales in this district.

21   4.    This Court has personal jurisdiction over each Defendant because, on information

22   and belief, each Defendant transacts continuous and systematic business within the State of

23   California and the Southern District of California.  In addition, this Court has personal

24   jurisdiction over each Defendant because, on information and belief, this lawsuit arises out of

25   each Defendant's infringing activities including, without limitation, each Defendant's making,

26   using, selling and/or offering to sell infringing products in the State of California and the

27   Southern District of California, and/or importing infringing products into the United States.

28   Finally, this Court has personal jurisdiction over each Defendant because, on information and

1 belief, each Defendant has made, used, sold, offered for sale and/or imported its infringing

2 products and placed such infringing products in the stream of interstate commerce with the

3 expectation that such infringing products would be made, used, sold and/or offered for sale within

4 the State of California and the Southern District of California.

5 **THE PARTIES**

6      5.     Plaintiff Tierravision is a California corporation with its headquarters and principal

7 place of business at 8601-F Via Mallorca, La Jolla, CA 92037.

8      6.     On information and belief, Defendant Research in Motion Ltd. ("RIM Ltd.") is a

9 corporation organized, existing and operating under the laws of Ontario, Canada, with its

10 principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

11      7.     On information and belief, Defendant Research in Motion Corporation ("RIM

12 Corp.") is a corporation organized, existing and operating under the state of Delaware with its

13 principal place of business at 122 W. John Carpenter Parkway, Irving, TX 75039.  On

14 information and belief, RIM Corp. is a wholly owned subsidiary of RIM Ltd.  RIM Ltd. and RIM

15 Corp. are collectively referred to herein as "RIM."

16      8.     On information and belief, Defendant Google Inc. ("Google") is a corporation

17 organized, existing and operating under the laws of the state of Delaware with its principal place

18 of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

19      9.     On information and belief, Defendant Microsoft Corporation ("Microsoft") is a

20 corporation organized, existing and operating under the laws of the state of Washington with its

21 principal place of business at One Microsoft Way, Redmond, WA 98052.

22 **THE ASSERTED PATENT**

23      10.     On December 7, 2010, United States Patent No. RE41,983 ("the RE'983 patent"),

24 entitled "Method of Organizing and Compressing Spatial Data," was duly and legally issued by

25 the United States Patent and Trademark Office.  The named inventor is Alfred M. Wallner of San

26 Diego, California.  The RE'983 patent is a reissue of United States Patent 6,703,947 ("the '947

27 patent"), which was filed on September 22, 2000, and issued on March 9, 2004.  The RE'983

28 patent is a division of United States Patent RE40,466 ("the RE'466 patent"), which issued on

August 26, 2008, and also is a reissue of the '947 patent. Tierravision is the assignee and owner of the entire right, title and interest in and to the RE'983 patent, the RE'466 patent and the '947 patent, and has the right to bring this suit for damages and other relief. A true and correct copy of the RE'983 patent is attached as Exhibit A.

11.     The RE'983 patent discloses methods and systems for organizing and compressing spatial data to enable fast, incremental downloads of spatial data over a network. The disclosed methods and systems include segmenting and reducing spatial data and a location-relevant naming system for storing and accessing the data. Using the methods and systems disclosed in the RE'983 patent, devices such as smartphones are able to efficiently compute data file names based on location information, download the data information and cache the data on the remote device.

## **BACKGROUND**

12.     Mobile wireless communication devices, including smartphones and cellular telephones, have revolutionized the way people communicate, making communication more efficient and more accessible. As mobile wireless communication devices have evolved from large, single-purpose devices into much smaller, multi-function devices, they have revolutionized many other aspects of daily life as well. They keep millions of people in touch with business, family and friends by allowing them to place and receive telephone calls, send and receive emails, connect to the Internet, stream data, watch videos and play games. One of the most important and helpful functions of today's mobile wireless devices is their ability to permit users access to detailed maps, providing driving directions and locations of businesses, especially when traveling in unfamiliar areas.

13.     Smartphones are commonplace today, but this was not the case a decade ago. Ten years ago, download speeds on wireless devices were too slow and data files were too large. These realities prevented or limited the use of applications on mobile wireless communication devices. Early wireless mapping solutions were inefficient because the map data files were large and the solutions often required frequent downloads over slow Internet connections. Location-based services were impractical in this technological environment.

-3-

14.     Tierravision is a San Diego company founded by Alfred Wallner and Will Cooper in or around January 2000 (www.tierravision.com).  In the early 2000s, Tierravision was a promising, innovative company focused on developing advanced wireless enterprise mapping software to maximize mobile business productivity.  Tierravision developed and patented its innovative ideas, and eventually developed and launched three mobile wireless communication products—the Koterra, the Locator for Salesforce and the Rocanda Locator.  Each of these applications allowed users to track and manage business assets and map out addresses on a wireless device or an Internet browser.

15.     Tierravision's patented mapping solutions solved the challenge of streaming significant amounts of mapping data to a wireless device.  Tierravision's mapping solutions were more efficient than their counterparts, using a compressed data format and enabling interactive vector maps and offering online/offline operation.  In addition to providing revolutionary applications for personal mapping, Tierravision's mobile wireless communication products offered applications for Yellow pages, corporate business locators, public transportation trackers, highway traffic speed maps and traffic incident reports, personalized tracking of GPS-enabled assets and floor-plan displays and seating charts.  Tierravision stood at the forefront of an emerging technology market for mapping applications in the then-nascent mobile wireless device space.

16.     Beginning in or around the fall of 2004, Tierravision and RIM began negotiations concerning a possible acquisition of Tierravision by RIM.  In or around September 2004, Mr. Cooper and Martha Dennis, Chairperson of the Tierravision Board of Advisors, met with Mike Lazaridis, CEO of RIM, at RIM's facilities in Waterloo, Ontario.  During this initial meeting, Tierravision gave RIM a demonstration of Tierravision's proprietary mapping solution.  During the ensuing negotiations, RIM requested and Tierravision provided due diligence documents describing Tierravision's intellectual property, product development and other confidential information related to Tierravision's business.  RIM represented that if it acquired Tierravision, RIM would install Tierravision's wireless mapping software on RIM's BlackBerry wireless devices.

17.    In or around November 2004, RIM sent Tierravision a written notice of potential acquisition, valuing Tierravision and its assets at approximately $4-5 million.  Later that month, RIM invited Mr. Wallner, Mr. Cooper and two Tierravision software engineers, John Funderburg and Sam Trimble, to RIM's Waterloo facilities, where the four gentlemen spent two days discussing Tierravision's technology and products with RIM's founders, Jim Balsillie and Mike Lazaridis, and several RIM engineers.  RIM told Mr. Wallner and Mr. Cooper that the Tierravision employees would join RIM after the acquisition.  RIM paid to have them all attend the meetings and even took them on relocation tours of Waterloo to show them potential neighborhoods and local attractions.  Tierravision believed that RIM would acquire Tierravision imminently.

18.    In or around December 2004, RIM abruptly notified Tierravision that it was no longer interested in acquiring Tierravision.  RIM never told Tierravision that Tierravision's mapping solution did not perform as expected or that it was not suitable for RIM's product needs. In or around September 2006, RIM launched its own BlackBerry Maps application for its line of BlackBerry mobile wireless devices.  RIM launched its BlackBerry Maps application using the same map data provider, Tele Atlas, that Tierravision was using in the Fall of 2004.  A true and correct copy of an article announcing the launch of RIM's BlackBerry Maps is attached as Exhibit B.  In the article, David Heit, Senior Product Manager at RIM, states that:

- "BlackBerry Maps works very similar to Google Local Mobile, but whereas that service downloads full bitmaps, BlackBerry Maps promises better performance by going with scalable vector images."

- "That way in doing that kind of a technique, we're getting about a 10-1 kind of efficiency over a bitmap approach in terms of data transmission.  So, if I have to download a megabyte of mapping data via a bitmap, I only need 100 kilobytes on the scalable vector graphics."

- "Like street labeling is dynamic.  So when you scroll around, the names will scroll down the streets.  You're not faced with things having to reload.  It's all a little bit more immediate."

- "I can GPS equip that map.  I can be driving around and I'm getting a current map of where I'm located."
- "We are not pre-storing the maps on the device."
- "We believe we may have one of the most successful BlackBerry products ever on our hands."

19.     Despite RIM's reversal of its acquisition plans and its introduction of a competing mapping solution, Tierravision continued to develop its products from 2005 to 2007.  It also received numerous industry accolades for its wireless mapping software during this time, including selection as a finalist in the 2007 Cingular BlackBerry Developers Challenge, selection as a semi-finalist in the 2006 San Diego Venture Group PitchFest and certification of the Tierravision Koterra and Locator as Cingular Enterprise Solution.  In 2006, Tierravision also was the grand prize winner of the NAVTEQ Global LBS Challenge.  Launched in 2003, the Global LBS Challenge has become one of the premier events in the wireless industry and a global symbol of LBS (location-based services) innovation and opportunity.

20.     In or around September 2006, Mr. Cooper also spoke to a Google Maps Mobile Product Manager on a conference call.  During the call, Mr. Cooper described Tierravision's mapping solution to the Product Manager.  Following the conference call, Google tested Tierravision's Locator product.  In or around December 2010, Google announced that it would add vector-based maps to its Google Mobile Maps product.

21.     In 2006, Tierravision offered customers a Cingular Certified product that used its patented technology.  Tierravision, however, had difficulty selling its products, and in or around September 2008, Tierravision was forced to suspend its business operations.  Tierravision's website continues to describe its products and industry awards.

22.     On information and belief, each of the Defendants has made, used, sold, offered for sale and/or imported mobile wireless devices, software, applications and/or programs, products and/or components that practice the claims of the RE'983 patent, as set forth more fully below.  On information and belief, Defendants Google and Microsoft provide mapping software to users and share advertising revenue with the wireless mobile device providers, such as RIM.

WEST\222849412.3

CASE NO. _____
COMPLAINT FOR PATENT INFRINGEMENT

## COUNT ONE

## Infringement of the RE'983 Patent by RIM

23.     Tierravision incorporates by reference each of the allegations set forth above.

24.     On information and belief, RIM, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the RE'983 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to BlackBerry smartphones with BlackBerry Maps.  By way of example and not limitation, RIM's Torch, Style, Curve, Pearl, Bold, Tour and Storm smartphones, alone and/or in combination with other products, practice each of the limitations of at least independent claims 60 and 69 of the RE'983 patent.

25.     On information and belief, RIM, without authority, has actively induced and continues to actively induce infringement of at least claims 60 and 69 of the RE'983 patent under 35 U.S.C. § 271(b), by among other things, instructing its customers to operate the accused smartphone products in a manner that infringes the claims of the RE'983 patent.  RIM knows and intends that its customers will use BlackBerry Maps in a manner that infringes the RE'983 patent.

26.     On information and belief, RIM, without authority, has contributorily infringed and continues to contributorily infringe the RE'983 patent under 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States and/or importing into the United States one or more components of a machine, manufacture, or combination covered by the RE'983 patent that constitute a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, RIM knows BlackBerry Maps are especially made or especially adapted for use in infringing the RE'983 patent

27.     RIM had actual notice of infringement of the RE'983 patent before the filing of this complaint.  On information and belief, RIM has nevertheless continued to directly and indirectly infringe the RE'983 patent, despite an objectively high likelihood that its actions constitute infringement of the RE'983 patent.  Accordingly, RIM's infringement has been and continues to be willful.

/////

DLA PIPER LLP (US)
SAN DIEGO

WEST\222849412.3

28.     As a result of the infringement of the RE'983 patent by RIM, Tierravision has suffered and will continue to suffer damages in an amount to be proven at trial.

29.     Tierravision has been irreparably harmed by these acts of infringement and will continue to be harmed unless RIM's further acts of infringement are restrained and enjoined by order of this Court.  Tierravision has no adequate remedy at law.

**COUNT TWO**

**Infringement of the RE'983 Patent by Google**

30.     Tierravision incorporates by reference each of the allegations set forth above.

31.     On information and belief, Google, without authority, has directly infringed and continues to directly infringe, under 35 U.S.C. § 271(a), the RE'983 patent at least by importing, selling, offering for sale and/or using within the United States the infringing products, including but not limited to Google Maps Mobile.  By way of example and not limitation, Google's Google Maps Mobile, alone and/or in combination with other products, practice each of the limitations of at least independent claims 60 and 69 of the RE'983 patent.

32.     On information and belief, Google, without authority, has actively induced and continues to actively induce infringement of one or more claims of the RE'983 patent under 35 U.S.C. § 271(b), by among other things, instructing its customers to operate the accused products in a manner that infringes the claims of the RE'983 patent.  Google knows and intends that its customers will use Google Maps Mobile in a manner that infringes the RE'983 patent.

33.     In particular, Google includes Google Maps Mobile in its Android operating system that it supplies to smartphone manufacturers such as HTC for incorporation into smartphones, such as the HTC Magic, with the intent that users of such smartphones will use Google Maps Mobile in a manner that infringes the RE'983 patent.

34.     On information and belief, Google, without authority, has contributorily infringed and continues to contributorily infringe the RE'983 patent under 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States and/or importing into the United States one or more components of a machine, manufacture, or combination covered by the RE'983 patent that constitute a material part of the invention, which is not a staple article or commodity of commerce

1    suitable for substantial noninfringing use.  On information and belief, Google knows that Google

2    Maps Mobile is especially made or especially adapted for use in infringing the RE'983 patent

3            35.    Google had actual notice of infringement of the RE'983 patent before the filing of

4    this complaint.  On information and belief, Google has nevertheless continued to directly and

5    indirectly infringe the RE'983 patent, despite an objectively high likelihood that its actions

6    constitute infringement of the RE'983 patent.  Accordingly, Google's infringement has been and

7    continues to be willful.

8            36.    As a result of the infringement of the RE'983 patent by Google, Tierravision has

9    suffered and will continue to suffer damages in an amount to be proven at trial.

10           37.    Tierravision has been irreparably harmed by these acts of infringement and will

11   continue to be harmed unless Google's further acts of infringement are restrained and enjoined by

12   order of this Court.  Tierravision has no adequate remedy at law.

13                                   **COUNT THREE**

14                   **Infringement of the RE'983 Patent by Microsoft**

15           38.    Tierravision incorporates by reference each of the allegations set forth above.

16           39.    On information and belief, Microsoft, without authority, has directly infringed and

17   continues to directly infringe, under 35 U.S.C. § 271(a), the RE'983 patent at least by importing,

18   selling, offering for sale and/or using within the United States the infringing products, including

19   but not limited to the Bing Mobile.  By way of example and not limitation, Microsoft's Maps

20   application in Bing Mobile, alone and/or in combination with other products, practice each of

21   the limitations of at least independent claims 60 and 69 of the RE'983 patent.

22           40.    On information and belief, Microsoft, without authority, has actively induced and

23   continues to actively induce infringement of one or more claims of the RE'983 patent under 35

24   U.S.C. § 271(b), by among other things, instructing its customers to operate the accused products

25   in a manner that infringes the claims of the RE'983 patent.  Microsoft knows and intends that its

26   customers will use the Maps application in Bing Mobile in a manner that infringes the RE'983

27   patent.

28   /////

DLA PIPER LLP (US)
SAN DIEGO
WEST\222849412.3

-9-

CASE NO. _____
COMPLAINT FOR PATENT INFRINGEMENT

41.     In particular, Microsoft includes the Maps application in Bing Mobile in its Windows Phone OS 7 operating system that it supplies to smartphone manufacturers such as HTC for incorporation into smartphones, such as the HTC HD7, with the intent that users of such smartphones will use the Maps application in Bing Mobile in a manner that infringes the RE'983 patent.

42.     On information and belief, Microsoft, without authority, has contributorily infringed and continues to contributorily infringe the RE'983 patent under 35 U.S.C. § 271(c), by offering to sell and/or selling within the United States and/or importing into the United States one or more components of a machine, manufacture, or combination covered by the RE'983 patent that constitute a material part of the invention, which is not a staple article or commodity of commerce suitable for substantial noninfringing use.  On information and belief, Microsoft knows that the component and/or apparatus is especially made or especially adapted for use in infringing the RE'983 patent

43.     Microsoft had actual notice of infringement of the RE'983 patent before the filing of this complaint.  On information and belief, Microsoft has nevertheless continued to directly and indirectly infringe the RE'983 patent, despite an objectively high likelihood that its actions constitute infringement of the RE'983 patent.  Accordingly, Microsoft's infringement has been and continues to be willful.

44.     As a result of the infringement of the RE'983 patent by Microsoft, Tierravision has suffered and will continue to suffer damages in an amount to be proven at trial.

45.     Tierravision has been irreparably harmed by these acts of infringement and will continue to be harmed unless Microsoft's further acts of infringement are restrained and enjoined by order of this Court.  Tierravision has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Tierravision prays for judgment:

1.     That Tierravision be adjudged the owner of the RE'983 patent and entitled to all rights of recovery thereunder, and that the RE'983 patent is valid and enforceable;

/////

1        2.      That Defendants be adjudged to have directly infringed, induced infringement and

2    contributed to infringement of the RE'983 patent;

3        3.      That Defendants and their officers, principals, agents, attorneys, servants,

4    employees and all others in active concert or participation with them, and their successors and

5    assigns, be enjoined by preliminary and permanent injunction from infringement, inducement of

6    infringement, and contributory infringement of the RE'983 patent, including but not limited to

7    making, using, importing, offering to sell and selling the infringing products;

8        4.      That Tierravision be awarded damages under 35 U.S.C. § 284, adequate to

9    compensate it for Defendants' infringement of the RE'983 patent in an amount to be proven at

10    trial, together with interest and costs as fixed by the Court;

11        5.      That this case be declared an exceptional case within the meaning of 35 U.S.C.

12    § 285 and that Tierravision. be awarded the attorneys' fees, costs and expenses that it incurs

13    prosecuting this action;

14        6.      That Tierravision be awarded prejudgment interest; and

15        7.      For such other and further equitable relief as the Court deems proper.

16    /////

17    /////

18    /////

19    /////

20    /////

21    /////

22    /////

23    /////

24    /////

25    /////

26    /////

27    /////

28    /////

1

## <u>DEMAND FOR JURY TRIAL</u>

2          Tierravision demands a trial by jury for all issues so triable pursuant to Federal Rule of

3    Civil Procedure 38(b).

4    Dated:  March 30, 2011                    DLA PIPER LLP (US)

5

6                                             By s/ *Sean C. Cunningham*
                                                 SEAN C. CUNNINGHAM
7                                                EDWARD H. SIKORSKI
                                                 JOHN D. KINTON
8                                                BRIAN M. FOGARTY
                                                 JACOB D. ANDERSON
9                                                DLA PIPER LLP (US)
                                                 401 B Street, Suite 1700
10                                               San Diego, CA  92101-4297
                                                 Tel:  619.699.2700
11                                               Fax:  619.699.2701

12                                               CHRISTINE K. CORBETT
                                                 DLA PIPER LLP (US)
13                                               2000 University Avenue
                                                 East Palo Alto, CA  94303-2215
14                                               Tel: 650.833.2000
                                                 Fax: 650.833.2001

15                                               Attorneys for Plaintiff
                                                 TIERRAVISION, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tierravision, Inc. | Research in Motion, Ltd.; Research in Motion Corporation; Google Inc.; Microsoft Corporation |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant   Canada |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| **(c)** Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| DLA Piper LLP (US), 401 B Street, Suite 1700, San Diego, CA 92101-4297, (619) 699-2700 | '11 CV0639 DMS POR |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section 281

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
03/30/2011

SIGNATURE OF ATTORNEY OF RECORD
s/ Sean C. Cunningham

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.